# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SILVIO OMAR HERNANDEZ-CUEVAS,**
**A# 023-628-591,**

    Petitioner,

vs.                                                  Case No. 4:17cv485-RH/CAS

**JEFF SESSIONS, et al.,**

    Respondents.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, initiated this case by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 23, 2017. ECF No. 1. Petitioner is a native and citizen of Cuba. ECF No. 1 at 5. He "arrived in the United States in 1980 as part of the Mariel boatlift." *Id.* at 7. Petitioner was ordered removed from the United States on December 11, 2015, and the order the removal became final on April 2, 2015. *Id.* at 5. Petitioner was taken into ICE custody on March 20, 2017, and alleges that ICE will be unable to remove him to Cuba. *Id.* at 5, 10. Petitioner states his understanding that "Cuba will deny any and all requests for travel documents, as there is no formal or informal repatriation

agreement between Cuba and the United States." *Id.* Alleging that it is not significantly likely that he would be removed in the reasonably foreseeable future, Petitioner seeks release from his detention pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). *Id.* at 12-13.

Finding the petition sufficient, service was directed and Respondents required to file an answer or other appropriate response. ECF No. 7. Respondents have filed a motion to dismiss the petition as moot because Petitioner was released from confinement on November 16, 2017. ECF No. 14. Respondents have demonstrated that Petitioner was released on an order of supervision and is no longer in custody. *Id.* Therefore, because Petitioner has been afforded the relief sought, release from detention, this § 2241 petition should now be dismissed as moot.

Additionally, the motion to dismiss contains a certificate of service which indicates the document was provided to Petitioner at his address upon release: 1111 Crown Ridge Path, Austin, Texas 78753. ECF No. 14 at 4; *see also* ECF No. 14-1 at 3. The Clerk of Court shall forward this Report and Recommendation to Petitioner at that address. If Petitioner disputes that this case is moot, he must immediately file "objections" and a notice of change of address.

**ORDER**

It is **ORDERED** that the Clerk of Court shall forward this Report and Recommendation to Petitioner at his address upon release, 1111 Crown Ridge Path, Austin, Texas 78753, and his address of record at the Jail.

**REPORT AND RECOMMENDATION**

In light of Respondents' demonstration that Petitioner has been released from detention, it is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 14, be **GRANTED**, and the § 2241 petition, ECF No. 1, be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2017.

     S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**